UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGG MARCHAND,<br>    Plaintiff,<br><br>v.<br><br>JOHN HORVACK, ET. AL.<br>    Defendants. | No. 3:17-cv-638 (MPS) |

## ORDER AND RULING

### I. Introduction

Mr. Marchand has sued his former attorneys, John Horvack and John Cordani, claiming they provided ineffective assistance of counsel to him in a civil jury trial. For the reasons set forth below, I hereby dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). Because I lack subject matter jurisdiction, the (ECF No. 2) motion to proceed in forma pauperis and the (ECF No. 5) motion to amend the complaint are hereby DENIED as moot.

### II. Background

This suit arises from Horvack's and Cordani's representation of Mr. Marchard in a federal civil jury trial. (ECF No. 1 at 3.) Mr. Marchand, a Connecticut citizen, claims Horvack and Cordani, both Connecticut citizens, inadequately represented him during that trial, principally, for three reasons. First, "Horvack did not represent [him] at trial." (ECF No. 1-1 at 3.) Instead, "[Horvack] assigned two rookies to [Mr. Marchand's] case," despite Mr. Marchand's directive "to Horvack [that he did not] want anybody but [Horvack] to represent [him] at trial." (*Id.*) Second, the attorneys ignored Marchand's instructions concerning trial strategy and tactics: Marchand "told Horvack on numerous times to show [the] jury that [his]

1

case was n[u]lled/dropped in Superior Court." (*Id*.) Horvack refused. Also, at the trial, the attorneys did not call the chief of police of the Willimantic police department as a witness—a witness Mr. Marchand believed to have key evidence supporting his case. (ECF No. 1 at 4.) Furthermore, Cordani, in his closing statements, told the jury that Mr. Marchand "could have been guilty of resisting arrest" – a statement that directly undermined "part of [Mr. Marchand's] case." (*Id*. at 3.) Third, during the trial, Attorney Cordani "kept forgetting [Mr. Marchand's] name" even "[c]alling [Mr. Marchand] the defendant[']s name at times." (ECF No. 1-1 at 1; *see also* ECF No. 1 at 3.)

### III.  Jurisdiction

"Federal courts are courts of limited jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 303 (2d Cir. 1994). Thus, they "may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). A federal court has subject matter jurisdiction if (1) a federal question is presented, or (2) when the parties have complete diversity of citizenship and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000). *See* 28 U.S.C. §§ 1331, 1332. In this case, neither basis for jurisdiction is present. Diversity jurisdiction does not exist because all parties are Connecticut citizens. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998)(observing "diversity "jurisdiction" exists "only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State"). Similarly, there is no federal question jurisdiction because the complaint does not present a federal question, that is, Mr. Marchand's claim of ineffective assistance of counsel in a civil case does not raise an issue of federal law. *See e.g.*, *Singh v. Home Depot U.S.A.*, *Inc.,* 580 F. App'x 24, 25 (2d Cir.

2014)(recognizing it is well established that "a lawyer's purported shortcoming present no cognizable ground for relief in a civil matter, where the Sixth Amendment right to counsel does not apply"); *James v. U.S.*, 330 Fed. Appx. 311, 313 (2d Cir. 2009)("As a final matter, because this is a civil case, James's ineffective assistance of counsel claim is unavailing…any complaints he might have regarding his attorney's performance at trial must be raised in a separate malpractice proceeding")(internal quotation marks and citations omitted). Without a basis for subject matter jurisdiction, I lack authority to adjudicate this case. Therefore, I dismiss the case without prejudice under Federal Rule of Civil Procedure 12(h)(3).

**IV.** **Conclusion**

For the reasons set forth above, I dismiss the case without prejudice under Federal Rule of Civil Procedure 12(h)(3). The (ECF No. 2) motion to proceed in forma pauperis and the (ECF No. 5) motion to amend the complaint are hereby DENIED as moot. Accordingly, the Clerk is instructed to close this case.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         May 24, 2017